UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:18-CR-185-TWP-DCP |
| GREBIN GALINDO-ROSALES, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 10, 2019, for a motion hearing on Defendant Grebin Galindo-Rosales's Motion to Dismiss Indictment [Doc. 11], filed on December 17, 2018. Assistant United States Attorney William A. Roach, Jr., appeared on behalf of the Government. Assistant Federal Defender Jonathan A. Moffatt represented Defendant Galindo-Rosales, who appeared with the aid of an interpreter. The Court heard argument on the motion and took the matter under advisement.

For the reasons discussed herein, the undersigned finds that the instant charges and the Defendant's Sevier County conviction are not the same offense for double jeopardy purposes. Alternatively, even if the offenses are considered to be the same, convictions for both are permissible under the dual sovereignty doctrine, which remains binding precedent at this time.

1

## I. BACKGROUND AND POSITIONS OF THE PARTIES

Defendant Galindo-Rosales was arrested for driving under the influence of an intoxicant on October 6, 2018, in Sevier County, Tennessee [Doc. 11, Exh.1, Aff. of Compl. to Arrest Warrant]. The arresting officer found bullets in the Defendant's pocket and a firearm under the passenger seat of the vehicle the Defendant was driving [Doc. 11, Exh. 1, Aff. of Compl. to Arrest Warrant]. On October 30, 2018, Defendant Galindo-Rosales entered a guilty plea in Sevier County General Sessions Court to possession of a handgun while under the influence of an intoxicant and was sentenced to eleven months and twenty-nine days of incarceration, suspended to time served plus eleven months and twenty-nine days of unsupervised probation [Doc. 11, Exh. 1, Guilty Plea & Judgment]. On November 6, 2018, Defendant Galindo-Rosales was indicted [Doc. 1] federally for being an illegal alien in possession of a firearm (Count One) and ammunition (Count Two) on October 6, 2018.

Defendant Galindo-Rosales asks [Doc. 11] the Court to dismiss the Indictment in this case, arguing that a federal conviction would violate the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. He contends that he was previously sentenced in state court for the same conduct alleged in the Indictment. The Defendant maintains that although the dual sovereignty doctrine permits a conviction for the same offense in state and federal court, this doctrine is unconstitutional, because the reasons for its creation no longer exist. In this regard, he asserts that the Double Jeopardy Clause now applies to the states and dual state and federal prosecutions now occur frequently, rather than rarely, due to the vast expansion of federal criminal law. Defendant Galindo-Rosales observes that the dual sovereignty

doctrine is currently under review by the Supreme Court and asks this Court to hold that it is no longer good law.

The Government [Doc. 13] responds that the Court must deny the Defendant's motion, because it is bound by the dual sovereignty doctrine, which remains controlling precedent, unless and until it is overruled by the Supreme Court.

## II. ANALYSIS

"No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb, . . . nor be deprived of life, liberty, or property, without due process of law[.]" U.S. Const., Amt. V; *see also* Amt XIV (the Fourteenth Amendment makes the Due Process Clause applicable to the states). The Defendant maintains that the Indictment in this case violates his right to be free from double jeopardy, because he has already been convicted in state court under the same facts and for the same conduct. The Court examines first whether the Defendant's Sevier County conviction for possession of a handgun while under the influence of an intoxicant is the same crime as that with which he is charged in the Indictment. Then, the Court evaluates whether a double jeopardy violation would occur, if he is convicted in the instant case.

### A. The Same or Distinct Crimes

In order to conduct a double jeopardy analysis, the Court must first find that the instant charge is the "same offense" as that with which the Defendant was previously convicted in Sevier County General Sessions Court. At the January 10 hearing, the Defendant argued that the

3

two crimes qualify as the "same offense" for double jeopardy purposes, because they arise out of the same conduct and facts.

The Fifth Amendment's prohibition against twice placing a defendant in jeopardy for the same offense shields the defendant from three potential harms: A "second prosecution for an offense after initial acquittal, second prosecution for an offense after an initial conviction, and 'multiple punishments for the same offense.'" *United States v. Gibbons*, 994 F.2d 299, 301 (6th Cir.) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)), *cert. denied*, 510 U.S. 872 (1993). However, "a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." *Albernaz v. United States*, 450 U.S. 333, 344 n.3 (1981). "The general test for compliance with the double jeopardy clause looks to 'whether each [count] requires proof of a fact which the other does not.'"[1] *Gibbons*, 994 F.2d at 301 (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). "A defendant may be charged with multiple offenses based on the same underlying conduct as long as each offense requires proof of an element not required by the other." *United States v. Kelly*, 204 F.3d 652, 656 (6th Cir. 2000); *see Blockburger*, 284 U.S. at 304. This analysis looks to the elements of the statutes under consideration, rather than to the proof. *DeCarlo*, 434 F.3d at 455. "The Double Jeopardy Clause is not violated merely because the same evidence is used to establish more than one statutory

---

[1] The Court notes that the initial inquiry in determining whether a single act or transaction may be punished under separate federal statutes is to determine "'whether Congress intended to punish each statutory violation separately.'" *United States v. DeCarlo*, 434 F.3d 447, 454 (6th Cir. 2006) (quoting *Jeffers v. United States*, 432 U.S. 137, 155 (1977)). However, in the instant case, the Court examines whether a single course of conduct may be punished by both a state statute and a federal statute. Thus, the Court turns directly to the *Blockburger* test. *See United States v. Donaldson*, No. 4:05-CR-38, 2008 WL 336729, *4 (E.D. Tenn. Feb. 5, 2008) (unpub'd); *United States v. Edwards*, 669 F. Supp. 168, 170 (S.D. Ohio 1987).

4

violation, if discrete elements must be proved in order to make out a violation of each statute." *Id.* at 455-56.

Defendant Galindo-Rosales is charged with being an illegal alien in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(5). "A conviction under 18 U.S.C. § 922(g)(5) requires the following elements: '(1) the defendant is an illegal alien, (2) he knowingly possessed the firearm, and (3) the firearm traveled in or affected interstate commerce.'" *United States v. Villa-Rodriguez*, 598 F. App'x 342, 344 (6th Cir.) (quoting *United States v. Luna-Santillanes*, 554 F. App'x 402, 409 (6th Cir. 2014)), *cert. denied,* 135 S. Ct. 1571 (2015). Defendant Galindo-Rosales was convicted in Sevier County General Sessions Court of a violation of Tenn. Code Ann. § 39-17-1321, which has the following elements: (1) The defendant possessed a handgun, and (2) the defendant was under the influence of alcohol or any controlled substance or controlled substance analogue.

The Court finds that each statute requires an element that the other does not, because the state statute requires the Defendant to have been under the influence of alcohol or an intoxicant, while the federal statute requires the Defendant to be an illegal alien and for the firearm to have traveled in interstate commerce. Under the *Blockburger* analysis, the Defendant's Sevier County conviction and the instant charges are not the same offense. Accordingly, convictions for the instant federal offenses will not create a double jeopardy violation based upon the Defendant's Sevier County conviction. *See United States v. Edwards*, 669 F. Supp. 168, 170 (S.D. Ohio 1987) (finding no double jeopardy violation stemming from a federal conviction under § 922(g) for being a felon in possession of a firearm and a state conviction for carrying a firearm after being convicted of a violent felony); *c.f.*, *United States v. Donaldson*, No. 4:05-CR-38, 2008 WL 336729, *4 (E.D.

5

Tenn. Feb. 5, 2008) (unpub'd) (finding the Tennessee statute prohibiting a felon from possessing a handgun and § 922(g)(1) to be the same offense, because although the federal statute requires proof of an additional fact—that the firearm traveled in interstate commerce—the state offense does not contain any elements not required by the federal statute).

### B. Dual Sovereignty Doctrine

In the event that the District Judge disagrees with the analysis in Part A and finds that the Defendant's Sevier County conviction and the instant charges are the same offense for double jeopardy purposes, the undersigned examines the application of the dual sovereignty doctrine to this case. The Government argues that controlling precedent on the doctrine of dual sovereignty forecloses the Defendant's double jeopardy argument. Pursuant to the dual sovereignty doctrine, "State and Federal Governments [have] the power to prosecute for the same act . . . [as both] have legitimate, but not necessarily identical, interests in the prosecution of a person for acts made criminal under the laws of both." *Rinaldi v. United States*, 434 U.S. 22, 28 (1977) (per curiam). "[U]nder the doctrine of dual sovereignty, successive prosecutions by different sovereigns do not offend double jeopardy." *United States v. Holmes*, 111F.3d 463, 467 (6th Cir. 1997). Thus, a "prosecution in state court under state law, . . . followed by a prosecution in federal court under federal law, does not violate the constitutional prohibition on double jeopardy." *Id.*

Our appellate court continues to follow the dual sovereignty doctrine. In *United States v. Patterson*, the defendant was convicted under Ohio state law for receiving stolen property (a gun) and entered a guilty plea under federal law for being a felon in possession of a firearm,

both convictions arising out of Patterson's possession of a pistol on July 30, 2014. 853 F.3d 298, 300 (6th Cir.), *cert. denied* 138 S. Ct. 273 (2017). The Sixth Circuit found no double jeopardy violation, holding that "Ohio could prosecute Patterson under its general police power, and the United States could prosecute him because the gun had traveled in interstate commerce." *Id.* at 302. Because both Ohio and in the United States "derive their power to prosecute from separate sources of sovereignty," each could prosecute the defendant under its separate criminal code. *Id.* Likewise, in the instant case, both the State of Tennessee and the United States each have an interest in prosecuting Defendant Galindo-Rosales for his possession of a firearm on October 6, 2018. Tennessee, acting under its general police powers, seeks to protect persons in its jurisdiction from others possessing a handgun while under the influence of an intoxicant. The United States, on the other hand, has an interest in regulating firearms that have traveled in interstate commerce. Additionally, as argued by the Government at the motion hearing, the United States has the unique interest of protecting citizens against crimes by illegal aliens. Accordingly, the Court finds that the dual sovereignty doctrine prevents a double jeopardy violation from arising out of the charges in the instant case.

The Defendant argues that the reasons undergirding the development of the dual sovereignty doctrine no longer apply and that, thus, the doctrine should be overturned. In 1847, the Supreme Court held that the state could prosecute a defendant for passing counterfeit coins and the federal government could prosecute for counterfeiting, because the Double Jeopardy Clause did not apply to the states. *Fox v. Ohio*, 46 U.S. 410, 434-35 (1847); *United States v. Lanza*, 260 U.S. 377, 381 (1922) (expressly holding that separate state and federal prosecutions for the same offense are not unconstitutional, because the Double Jeopardy Clause prohibits only successive

federal prosecutions). Although the high Court in *Fox* recognized the "possibility of double punishment, [it] denied that from this flowed a finding of pre-emption [based upon the Supremacy Clause], concluding instead that both the Federal and State Governments retained the power to impose criminal sanctions, the United States because of its interest in protecting the purity of its currency, the States because of their interest in protecting their citizens against fraud." *Bartkus v. Illinois*, 359 U.S. 121, 129 (1959).

Just over one hundred years after *Fox*, in *Barkus v. Illinois*, the Supreme Court held that successive prosecutions by federal and state authorities did not violate the Due Process Clause of the Fourteenth Amendment, in part because the Fourteenth Amendment did not apply the first eight amendments in the Bill of Rights to the states. 359 U.S. at 128-29. However, in 1969, the Supreme Court reversed course and held that the Double Jeopardy Clause applies to the states. *Benton v. Maryland*, 395 U.S. 784, 787 (1969).

The Defendant argues that a second basis for the dual sovereignty doctrine—that prosecutions by both state and federal authorities will be rare—also no long applies. *See Fox*, 46 U.S. at 435 (observing that dual prosecution would be extremely rare). He contends that federal criminal law has now vastly expanded and results frequently in coordination between state and federal law enforcement. Thus, the Defendant maintains that due to these doctrinal and factual changes, the policies undergirding the dual sovereignty doctrine no longer exist and the doctrine no longer applies. The Defendant also points out that Justice Ginsburg recently observed that the dual sovereignty doctrine "bears fresh examination[.]" *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1877 (2016) (Ginsburg, J., concurring). In this regard, the Defendant observes that the Supreme Court has recently granted certiorari in *United States v. Gamble*, 694 F. App'x 750 (11th

8

Cir. 2017) (per curiam), a case in which the Eleventh Circuit affirmed the continuing applicability of the doctrine of dual sovereigns in the wake of *Sanchez Valle*. 138 S. Ct. 2707 (2018) (granting certiorari). The Supreme Court heard oral argument on this case on December 6, 2018.

First, the Court questions whether *all* of the reasons for the dual sovereignty doctrine no longer apply, as argued by the Defendant. In *Sanchez Valle*, the Supreme Court observed that it has "long held" that "two prosecutions . . . are not for the same offense if brought by different sovereigns—even when those actions target the identical criminal conduct through equivalent criminal laws." *Id.* at 1870. "'When the same act transgresses the laws of two sovereigns, it cannot be truly averred that the offender has been twice punished for the same offense; but only that by one act he has committed two offenses.'" *Id.* (quoting *Heath v. Alabama*, 474 U.S. 82, 88 (1985)). In such a case, the offender has "violate[d] the peace and dignity of two sovereigns by breaking the laws of each[.]" *Heath*, 474 U.S. at 88. The states derive their power to prosecute violations of criminal law from their original authority "belonging to them before admission to the Union and preserved to them by the Tenth Amendment." *Sanchez Valle*, 136 S. Ct. at 1871 (internal citation omitted). Accordingly, even accepting the Defendant's arguments regarding the application of the Double Jeopardy Clause to the states and the expansion of federal criminal law, the states still possess "'separate and independent sources of power and authority' which they continue to draw upon in enacting and enforcing criminal laws." *Id.* (quoting *Heath*, 474 U.S. at 89). In other words, the most significant reason for the dual sovereignty doctrine— that separate sovereigns with separate sources of authority have different policy interests in prohibiting certain criminal acts—still exists.

Moreover, as pointed out by the Government, although the dual sovereignty doctrine may currently be under review by the Supreme Court, at present it remains binding precedent for this Court. *See Hutto v. Davis*, 454 U.S. 370, 374 (1982) (observing that lower federal courts must follow precedent). AUSA Roach argued at the motion hearing that despite changes in the law, compelling reasons still exist to preserve the dual sovereignty doctrine. He argued that the federal government has a particular interest in prosecuting illegal aliens. He asserted that state courts tend to not incarcerate alien defendants convicted of state crimes, because they expect the federal government to step in and prosecute those cases. AUSA Roach argued that the instant case is illustrative, because the Sevier County General Sessions Court gave the Defendant a suspended sentence for possession of a handgun while under the influence of an intoxicant.

The undersigned finds that the dual sovereign doctrine remains binding on this Court at this juncture. The Supreme Court affirmed the dual sovereignty doctrine with regard to state and federal convictions most recently in *Sanchez Valle,* 138 S. Ct at 1870.[2] The Sixth Circuit applied the dual sovereignty doctrine in 2017. S*ee Patterson*, 853 F.3d at 302; *see also Turner v. United States*, 885 F.3d 949, 954-55 (6th Cir. 2018) (en banc) (applying the dual sovereignty doctrine to the Sixth Amendment right to counsel). The Supreme Court's grant of certiorari in *Gamble* is not necessarily an indication that the dual sovereignty doctrine will be overturned. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 689 (1997) (stating that the Court's decision to grant the

---

[2]The Court in *Sanchez Valle* held that the dual sovereignty doctrine did not apply to the United States and Puerto Rico, because the "ultimate source" of Puerto Rico's power is Congress. 136, S. Ct. at 1870, 1874-76.

petition for certiorari "express[es] no judgment concerning the merits of the case"). Accordingly, the Court also finds that the instant charges do not violate the Double Jeopardy Clause, despite the Defendant's conviction for possession of a firearm while under the influence of an intoxicant in state court, because the dual sovereignty doctrine permits his prosecution in both state and federal courts.

III.     CONCLUSION

The Court finds that the Indictment does not violate the Defendant's rights under the Fifth or Fourteenth Amendments. Accordingly, the undersigned respectfully **RECOMMENDS** that the Motion to Dismiss Indictment [**Doc. 11**] be denied.[3]

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).